NELSON P. COHEN
United States Attorney

BRYAN SCHRODER
Assistant United States Attorney
Federal Building & U.S. Courthouse
101 12th Avenue, Room 310
Fairbanks, Alaska  99701
Phone:  (907) 456-0245
Fax: (907) 456-0577
E-mail: bryan.schroder@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No.  4:06-cr-00024-RRB-TWH |
| | ) | |
| Plaintiff, | ) | **GOVERNMENT'S OBJECTIONS** |
| | ) | **TO MAGISTRATE JUDGE'S** |
| vs. | ) | **RECOMMENDATION ON** |
| | ) | **MOTION TO SUPPRESS** |
| TEFFIN C. GOSS, II, | ) | **EVIDENCE** |
| | ) | |
| Defendant. | ) | |

COMES NOW the United States of America, by and through the undersigned Assistant U.S. Attorney, and submits the following objections to the Magistrate Judge's recommendation on defendant's motion to suppress evidence, filed at Docket 44.

## I. INTRODUCTION

The Government respectfully submits that the Magistrate Judge has not given sufficient consideration and weight to the factors identified by Officer Keeler in his determination that he had sufficient reasonable suspicion to expand the traffic stop of the defendant.  In fact, the court's analysis seems to indicate that the court found no merit in the specific, particularized observations of a trained, experienced law enforcement officer.  Moreover, the court did not address the Government's contention

that Officer Keeler acted appropriately, under Supreme Court standards, by moving to resolve suspicions in the most expeditious manner possible.

## II.    **OFFICER KEELER'S OBSERVATIONS PROVIDED SUFFICIENT REASONABLE SUSPICION TO JUSTIFY A TAILORED EXPANSION OF THE TRAFFIC STOP.**

While the Magistrate Judge recognizes that Officer Keeler made certain observations that led to his continuation of the traffic stop, the court does not fully articulate those observations, and does not analyze why those observations were insufficient to support the subsequent search. Because Officer Keeler proceeded based upon his decision that those observations provided reasonable suspicion for his actions, and because those observations are the building blocks for the search, the Government asks the court to reconsider those factors.

The Magistrate Judge recognized three initial factors that Officer Keeler observed and used in his decision to continue the traffic stop:

1.    That the vehicle was rented, but was being used in the local rental area by a person from Fairbanks, and who was not an authorized driver under the rental agreement,

2.    That the car had numerous air fresheners, including multiple air fresheners above the doors,

3.    That the vehicle had a radar detector, even though it was a rental being used in the local area.

Docket 44, p.4-5.

Moreover, the court later recognizes that Officer Keeler observed that the defendant appeared to wearing expensive jewelry. Docket 44, p.18. However, the Magistrate Judge's only direct analysis of the strength of these factors appears in one sentence with the key phrase "...all the suspicions testified to by Officer Keeler did not amount to sufficient justification to continue to detain the defendant...." Docket 44, p.20. There is

no apparent analysis of how the court reached that conclusion of insufficiency. Given the essential nature of those factors of those factors, the Magistrate Judge's underlying analysis for that conclusion is vitally important. Anytime the court suppresses key evidence, the decision of the court should be able to guide the law enforcement personnel to correct the actions found insufficient. The initial report and recommendation would not provide appropriate guidance to Officer Keeler and others as to why his analysis of reasonable suspicion was deemed insufficient by the court.

     Officer Keeler provided extensive information about his experience and training. Included in that testimony, was specific training about drugs being transported between Anchorage and Fairbanks. Transcript, p. 1-7 to 1-8, and 1-16 to 1-17. Factors discussed during that training were the use of rental cars and radar detectors. Both were readily apparent in this case. Also from his training, Officer Keeler was aware that air fresheners are used to mask the odor of drugs. Photos introduced at the evidentiary hearing showed 2 air fresheners on the rear-view mirror, above the driver's door, and above the passenger's door. Exhibits 1, 2, & 3. Officer Keeler testified that he had not seen a vehicle, much less a rental vehicle with so many air fresheners. Transcript, p. 1-16. While the court recognized that Officer Keeler observed the defendant wearing expensive-appearing, Keeler tied that observation to the defendant not knowing his work phone number. Office Keeler made the point that if the defendant does not know the phone number, it is possible that he does not actually have a job, and if so, could not afford an expensive watch by legitimate means. Transcript, p. 1-21to 1-22. All of these observations, plus the analysis by Keeler in light of his training and experience, are worth strong consideration by the court.

     The court's analysis, which conclude's that the officer's suspicions did not allow him to extend the traffic stop "beyond the time the citation could have been completed and presented to the defendant to sign...," appears to give no weight to Officer Keelers's

U.S. v. Teffin Goss, II
Case No. 4:06-cr-00024-RRB-TWH         3

observations . If the court is going to give no weight to the particularized, articulated, and supported suspicions of a law enforcement officer with considerable experience and training, the officer (and others working in the same jurisdiction) should get a sufficient explanation. Otherwise, they will be unable to learn from the experience.

### III. THE TYPE OF SEARCH, INCLUDING THE REQUEST FOR CONSENT AND THE K-9 SEARCH WERE NARROWLY TAILORED TO DIRECTLY RESOLVE THE SUSPICIONS OF THE OFFICER

Just as the Government is asking the court to specifically consider the observations and analysis that led to Officer Keeler's reasonable suspicion, the Government also asks that the court to re-consider Keeler's narrowly tailored response to his suspicions. Officer Keeler acted to resolve his suspicions in the most timely manner possible. He first requested consent to search. When the defendant refused, Keeler sought the next most timely manner, a K-9 search. As the court recognized, from the time the traffic stop began until the K-9 arrived was only 16 minutes. Docket 44, p. 20.

The Supreme Court has recognized that this is the correct approach for law enforcement officers. A key to this determination is the diligence exhibited by the law enforcement officers. U.S. v. Sharpe, 470 U.S. 675, 685 (1985). If the law enforcement officers quickly pursue a means of investigation that is likely to confirm or dispel their suspicions, they have acted diligently and the detention is appropriate. Id. At 686. The Supreme Court in Sharpe also recognized that law enforcement officers are making these decisions in a dynamic environment, and that law enforcement purposes should also be considered: "[a] court making this assessment should take care to consider whether the police are acting in a swiftly developing situation, and in such cases the court should not indulge in unrealistic second guessing." Id. Officer Keeler had specific and articulable factors that formed the basis for his reasonable suspicions. He diligently acted on those suspicions by quickly pursuing the best means to resolve them. First, he asked for consent, then when it was refused he promptly requested a K-9

search.  The amount of delay, recognized by the court as only 8 minutes, and the diligence shown by Officer Keeler to promptly resolve those suspicions, are fully supported by the reasonable suspicion developed by Officer Keeler.

## II.     PROBABLE CAUSE BY OFFICER MOBLEY

The Government objects to the Magistrate Judge's conclusion that "[t]rooper Mobley had no independent probably cause to search the defendant's car...." Docket 44, p. 24.  The Government has provided extensive briefing, as well as testimony of Trooper Mobley, that leads to the conclusion that the alert of K-9 Yukon on the outside of the vehicle was sufficient probable cause for the interior search of the vehicle.  With the exception of the conclusion cited above, this matter was not addressed by the court.

The Government requests that the Magistrate Judge reconsider his initial report and recommendation and find that the Defendant's Motion to Suppress should be denied.

RESPECTFULLY SUBMITTED this 31st day of August 2006, at Anchorage, Alaska.

NELSON P. COHEN
United States Attorney

s/Bryan Schroder
Assistant U.S. Attorney
222 West Seventh Avenue, #9
Anchorage, Alaska  99507
Phone: (907) 271-5071
Fax: (907) 271-1500
E-mail:Bryan.Schroder@usdoj.gov

**CERTIFICATE OF SERVICE**
I hereby certify that on August 31, 2006 a copy of the foregoing was served electronically on:
MJ Haden

s/Bryan Schroder

U.S. v. Teffin Goss, II
Case No.  4:06-cr-00024-RRB-TWH              5