M. J. Haden
Staff Attorney
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
601 West Fifth Avenue, Suite 800
Anchorage, Alaska  99501
(907) 646-3400

Attorney for Defendant


UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>TEFFIN C. GOSS, II,<br><br>Defendant. | Case No. 4:06-cr-0024-RRB-TWH<br><br>**DEFENDANT'S REPLY TO GOVERNMENT'S OBJECTIONS TO MAGISTRATE'S REPORT AND RECOMMENDATION** |

I.    Introduction.

        The government objects to the recommendation that Teffin Goss's motion to suppress be granted by repeating arguments already presented in its pleadings.  The government argues that Officer Keeler had reasonable suspicion to prolong the traffic stop, yet the government supplies no authority for its position.  The government fails to distinguish the present case from the Ninth Circuit's holding in United States v. Chavez-Valenzuela, 268 F.3d 719 (9th Cir. 2001).  The government's arguments should be rejected again because the recommendation is in all respects correct.

II.    Prolonging of the Traffic Stop Violated the Fourth Amendment in That the Prolonging Was Not Consensual and in That the Officer Lacked Reasonable Suspicion for Further Detention.

        After hearing testimony and a careful examination of the facts surrounding the stop in this case, the court held a reasonable person in Mr. Goss's circumstances would not have believed that he was free to leave.  In addition, the court held that Officer Keeler lacked reasonable suspicion to prolong the traffic stop.  The court is correct in both respects.

        The government argues that the court has summarily concluded that the facts at hand do not amount to reasonable suspicion allowing further detention of Mr. Goss.  The government asks the court to provide guidance so that law enforcement personnel might correct their actions.  The government's request is disingenuous in that there are numerous cases analyzing fact patterns similar to those at hand that an experienced officer such as Officer Keeler should be aware of.  See United States v. Guerrero, 374 F.3d 585 (8th Cir. 2004) (no reasonable suspicion based on placement of air fresheners in car vents, driver extremely nervous, inconsistent details about trip, and reported cocaine transaction at driver's home address); United States v. Wood, 106 F.3d 942 (10th Cir. 1997) (reasonable suspicion did not exist where motorist said he was taking a vacation though unemployed, made error in identifying city where he rented car, car containing fast food wrapper and open maps, motorist seemed extremely nervous and motorist had prior arrest for drugs); United States v. Farias, 43 F. Supp. 2d 1276 (D. Utah 1999) (officer's observation of road atlas, fast food wrappers, little luggage when driver stated that he was traveling a far distance, and fact that officer could see and smell air fresheners was insufficient evidence to establish reasonable suspicion to justify continued detention); United States v. Gordon,

2

917 F. Supp. 485 (W.D. Tex. 1996) (continued detention of motorist was unjustified as odor of air freshener, presence of metal box, driver's nervousness, presence of only one change of clothing for three-day trip, and refusal to consent to search were all consistent with legal activity).

Here the government relies on several factors to constitute reasonable suspicion. However, the government's recount of the facts fails to point out two crucial issues. Although Officer Keeler testified that he saw a number of air fresheners in the vehicle, he also testified that the air fresheners were not emitting any odor. (Tr. 96) Keeler testified that individuals use radar detectors to alert them of police presence, but did not testify that radar detectors were any anyway associated with drug couriers. (Tr. 17)

Reasonable suspicion "requires specific, articulable facts which, together with objective and reasonable inferences, form a basis for suspecting that a particular person is engaged in criminal conduct." United States v. Thomas, 211 F.3d 1186 (9th Cir. 2000). An unparticularized suspicion or hunch cannot withstand scrutiny under the Fourth Amendment. United States v. Sokolow, 490 U.S. 1.7 (1989). This court has carefully evaluated the evidence and has correctly found that Keeler did not have reasonable suspicion to prolong Mr. Goss's detention longer than necessary to issue the citation. Thus, under United States v. Chavez–Valenzuela, Mr. Goss's motion should be granted.

III.    Government's Reliance on United States v. Sharpe is Misplaced.

The government relies on United States v. Sharpe, 470 U.S. 675, 685 (1985), in arguing that the officers exhibited due diligence and acted quickly to investigate in order to dispel or confirm their suspicions. However, the holding in Sharpe is inapposite to the facts at hand. In Sharpe, the defendant's vehicle was pulled over for an "investigative

3

stop." Reasonable suspicion for the officer to make the initial stop was not contested. The issue in Sharpe was whether the prolonged stop, lasting over 20 minutes, failed to meet the Fourth Amendment's requirement of brevity governing detentions on less than probable cause – in another words, did the stop last so long to constitute a de facto arrest. The court held that in evaluating the reasonableness of an investigative stop, the court must examine "whether the officer's action was justified at its inception, and whether it was reasonably related in scope to the circumstances which justified the interference in the first place." Terry v. Ohio, 392 U.S. 1, 20 (1968). In Sharpe, the initial stop was based on reasonable suspicion that the defendants were transporting illegal aliens. The steps taken by the officers during the 20 minute detention sought to dispel or confirm that articulable suspicion. Here, the justification for the "interference in the first place" was the running of the red light. Under the well settled precedent of United States v. Chavez-Valenzuela, 268 F.3d 719 (9th Cir. 2001), as amended, 279 F.3d 1062 (9th Cir. 2002), an officer must restrict his questions to those that are reasonably related to the justification for the stop and may expand the scope of his inquiry only if he notices particularized, objective factors arousing his suspicion.

Here, Officer Keeler testified that before approaching Mr. Goss with the citation for running the red light, he called for back up, a procedure that is not normally done when issuing a simple traffic ticket[1]. (Tr. 66) He then testified that while waiting for the back up officer, he was not only completing the citation, but was stopping to observe

---

[1] Although the court finds that the initial detention became prolonged at the point that Officer Keeler requested permission to search the vehicle, Mr. Goss contends that the prolongation occurred at the point that Keeler called for back up and his focus of the stop turned to obtaining consent to search.

4

Mr. Goss and the surroundings, an action that the would not normally do while writing a simple traffic ticket. (Tr. 92-93) Officer Keeler testified that at the time he exited his vehicle after waiting for backup to arrive, the citation was complete with the exception of Mr. Goss's signature. (Tr. 73) Yet, instead of issuing the citation, he ordered Mr. Goss out of the vehicle, a procedure he admitted that was not done during a normal traffic stop. (Tr. 70) He then conducted a pat search of Mr. Goss, again a procedure outside the scope of a standard traffic stop. (Tr. 69) And finally, after asking numerous questions unrelated to the running of the red light or the necessary for the issuance of the ticket, he requested consent to search.

The prolonging of the detention beyond the scope of the initial stop required reasonable suspicion. Under the holding in <u>Chavez-Valenzuela</u>, the additional questioning, the asking for consent and the calling of the K-9 unit violated Mr. Goss's Fourth Amendment rights. The taint of such violation overrides any subsequent voluntary consent to search. <u>United States v. Turvin</u>, ___ F. Supp. ___, WL 2053390 (D. Alaska July 20, 2006). Suppression of the evidence seized from Mr. Goss's vehicle is required.

DATED this 6th day of September, 2006.

Respectfully submitted,

FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA

/s/ M. J. Haden
Staff Attorney
Georgia Bar No. 316531
601 West Fifth Avenue, Suite 800
Anchorage, AK 99501
Ph: (907) 646-3400
Fax: (907) 646-3480
mj_haden@fd.org

5

<u>Certification</u>:

I certify that on September 6, 2006, a copy of the
foregoing document was served electronically on:

Bryan Schroder, Esq.

/s/ M. J. Haden