IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

UNITED STATES OF AMERICA,

       Plaintiff,

vs.

TEFFIN C. GOSS II,

       Defendant.

**ORDER DENYING MOTION
TO SUPPRESS**

Before the Court, at Docket 22, is Defendant's Motion to Suppress Evidence.  The matter has been fully briefed and the Magistrate Judge has filed a Recommendation at Docket 44.

The Court hereby accepts and adopts the Magistrate Judge's Recommendation, in all but one respect.  After considering the supplemental briefing, listening to the July 17, 2006, suppression hearing, and reviewing the entire case file, the Court concludes that, considering the totality of circumstances that existed at the time this traffic stop occurred, there existed sufficient reasonable suspicion in the mind of the investigating officer to hold Defendant for an additional eight minutes so that a drug sniff could be initiated.  Once the police dog alerted on

the outside of Defendant's vehicle, combined with the other facts known to the police officer at the time, there was probable cause to search the vehicle under the vehicle exception to the search warrant requirement.  The subsequent discovery of suspected drugs justified Defendant's arrest.

It should be noted that there is no dispute about the validity of the initial stop.  The dispute relates to how long after the traffic ticket was issued could the police hold Defendant in order to have a canine search conducted.

Police officers may make a brief investigatory stop of an individual upon less than probable cause if, under the totality of the circumstances, they can point to articulable facts which support a reasonable suspicion that the person stopped is engaging in a crime.  Guam v. Ichivasu, 838 F.2d 353, 355 (9th Cir. 1988) (citing Terry v. Ohio, 392 U.S. 1, 88 S. Ct. 1868, 20 L. Ed 2d 889 (1968)).  "Reasonable suspicion" entails some minimal level of objective justification for making a stop, that is, something more than inchoate or unparticularized suspicion or "hunch," but less than the level of suspicion required for probable cause.  United States v. Sokolow, 490 U.S. 1 (1989).

There is no bright line test as to how long a person can be detained before the investigatory stop becomes an arrest. Rather, the courts must consider the totality of circumstances. Washington v. Lambert, 98 F.3d 1181, 1185 (9th Cir. 1996).  The

length of an investigatory stop is not determinative.  United States v. Bautista, 684 F.2d 1286, 1290 (9th Cir. 1982); see also United States v. Sharpe, 470 U.S. 675 (1985).[1]  But an investigative detention must "last no longer than is necessary to effectuate the purpose of the stop."  United States v. Mondello, 927 F.2d 1464, 1471 (9th Cir. 1991) (quoting Florida v. Moyer, 460 U.S. 491, 500 (1983)).

"If the purpose underlying a Terry stop--investigating possible criminal activity--is to be served, the police must, under certain circumstances, be able to detain the individual for longer than the brief time period involved in Terry."  Gallegos v. City of Los Angeles, 308 F.3d 987 (9th Cir. 2002), quoting Michigan v. Summers, 452 U.S. 692, 700 n.12, 101 S. Ct. 2587, 69 L. Ed. 2d 340 (1981).

In determining whether a police detention went beyond a valid investigatory stop, "the facts of the detention must be viewed in the context of the totality of the circumstances, as the scope of the intrusion permitted by the Fourth Amendment will vary to some extent with the particular facts and circumstances of each case."  Gallegos, supra.  Here, the Ninth Circuit, as recently as October 11, 2002, reaffirmed the fact that no set procedures or

---

[1]    Courts have upheld investigatory stops for up to 16 hours depending on the circumstances. United States v. Montoya, 473 U.S. 531, 543 (1985).

ORDER DENYING MOTION TO SUPPRESS - 3
4:06-CR-0024-RRB

time limitations apply to <u>Terry</u> stops and that they must be evaluated under a reasonableness standard considering the totality of the circumstances.

In assessing whether a detention is too long in duration to be justified as an investigative stop, it is appropriate to examine whether police diligently pursued a means of investigation that was likely to confirm or dispel their suspicions quickly, during which time it was necessary to detain the defendant. A court making that assessment should take care to consider whether police are acting in a swiftly developing situation and, in such cases, the court should not indulge in unrealistic second-guessing. <u>United States v. Sharpe</u>, 105 S. Ct. 1568, 1575 (1985).

In the instant case, at the time the police officer determined to hold Defendant so that a drug sniff could be conducted he was aware of the following facts:

1.    Defendant had run a red light while talking on his cell phone;

2.    Defendant was driving on Geist Road toward Fairbanks on a route that one would take if driving from Anchorage to Fairbanks;[2]

---

[2]    The Court takes judicial notice of the fact that one driving from Anchorage to Fairbanks may enter Fairbanks by the route Defendant was driving at the time he was stopped.

ORDER DENYING MOTION TO SUPPRESS - 4
4:06-CR-0024-RRB

3.    Defendant was driving a rental car that was not rented in his name and Defendant was not listed as an authorized driver;

4.    Defendant was unaware of the company the rental car had been rented from;

5.    The rental car contained many air fresheners, more, in fact, than the arresting officer has seen before.  There were seven such fresheners in the car;

6.    The rental car contained a radar detector;

7.    APSIN reported that Defendant had a history of criminal narcotic behavior;

8.    Defendant reported having previously had police contact relating to a weapons offense;

9.    Although Defendant claimed to have a job in Fairbanks working for Auto Service company, Defendant was unaware of his employer's phone number.

10.    Defendant was wearing expensive jewelry.

The principal components of a determination of reasonable suspicion will be the events which occurred leading up to the stop or search, and then the decision whether these historical facts, viewed from the standpoint of an objectively reasonable police officer, amount to reasonable suspicion. Ornelas v. United States, 517 U.S. 690, 116 S. Ct. 1657 (1996).  And the Court notes that "reasonable suspicion" does not require any degree of certainty or

even a likelihood of truth.  It is that degree of suspicion that
would lead one to logically seek to inquire further.

Here, the arresting officer was aware that drugs were on
occasion transported between Anchorage and Fairbanks and sometimes
by rental car.  He was aware that typically one utilizing a rental
car locally did not utilize radar detectors and air fresheners.  He
was aware that radar detectors are frequently used on the open road
to detect law enforcement.  He was also aware that drug
dealers/users frequently use air fresheners to hide the odor of
drugs.  He also had knowledge that Defendant had a historical
involvement, in one way or another, with narcotics, and that
Defendant, in the past, had law enforcement contact regarding a
weapon in a vehicle.  The officer's suspicions were enhanced by the
fact that Defendant was not the driver listed on the car rental
agreement, and that Defendant did not know the name of the company
the car was rented from.  The fact that Defendant was wearing
expensive jewelry but couldn't provide a phone number for his
alleged place of employment contributed to the suspicion that
Defendant had a source of income other than Defendant had
suggested.  So, the real question is, given all these facts, should
the officer had let the Defendant go without any further
investigation?

It is the Court's view that a reasonably objective police
officer, with roughly 11 years of experience as the arresting

officer had here, which experience included both training and experience regarding vehicles suspected of carrying contraband, would be reasonably suspicious of drug activity under these circumstances and would be justified in obtaining a canine search if readily available, and that eight minutes was not too long to hold Defendant so that the canine search could be conducted.

Therefore, the Court concludes that the subsequent discovery of drugs in this matter was not unlawful and that the drugs in question should not be suppressed. Plaintiff's Motion to Suppress is therefore **DENIED**.

ENTERED this 15th day of September, 2006.

S/RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE