M. J. Haden
Staff Attorney
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
601 West Fifth Avenue, Suite 800
Anchorage, Alaska  99501
(907) 646-3400

Attorney for Defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>vs.<br><br>TEFFIN C. GOSS, II,<br><br>                Defendant. | Case No. 4:06-cr-0024-JWS<br><br>**TEFFIN C. GOSS'S<br>PROPOSED JURY INSTRUCTIONS** |

Teffin C. Goss, II, proposes the following jury instructions for use at trial. Mr. Goss's proposed instructions are taken from the Manuel of Model Jury Instructions for the Ninth Circuit (West 2000) and O'Malley, Grenig, & Lee, Federal Jury Practice and Instructions (2000 ed.), and are set out in abbreviated form below.

Mr. Goss proposes the following instructions from the Manuel of Model Jury Instructions for the Ninth Circuit:

**PRELIMINARY INSTRUCTIONS**

1.1   Duty of Jury

1.2   The Charge – Presumption of Innocence

1.3   What is Evidence

1.4   What is not Evidence

1.5   Evidence Admitted for Limited Purpose

1.7   Rulings on Objections

1.8   Credibility of Witnesses

1.9   Conduct of the Jury

1.11  Taking Notes

1.12  Outline of Trial

**INSTRUCTIONS DURING TRIAL**

2.1   Cautionary Instruction – First Recess

2.2   Bench Conferences and Recesses

**INSTRUCTIONS AT END OF CASE**

3.0   Cover Sheet

3.1   Duty of Jury to Find Facts and Follow Law

3.2.  Charge Against Defendant Not Evidence – Presumption of Innocence – Burden of Proof

3.6   What is Evidence

3.7   What is not Evidence

3.9   Credibility of Witnesses

3.18  Possession – Defined

## CONSIDERATION OF PARTICULAR EVIDENCE

4.1   Statements by Defendant

## JURY DELIBERATIONS

7.1   Duty to Deliberate

7.2   Consideration of Evidence

7.3   Use of Notes

7.6   Communication with Court

Mr. Goss requests the following instruction from Volumes I A of O'Malley, Grenig, & Lee, Federal Jury Practice and Instructions (2000 ed.):

12.10  Presumption of Innocence, Burden of Proof, and Reasonable Doubt

15.12  Credibility of Witnesses – The Defendant as Witness

In addition, Mr. Goss proposes the following additional instructions, attached hereto, and reserves the right to submit additional proposed instructions as warranted at the close of all evidence.

///

DATED this 3rd day of October, 2006.

Respectfully submitted,

FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA

/s/ M. J. Haden
Staff Attorney
Alaska Bar No. 0607047
601 West Fifth Avenue, Suite 800
Anchorage, AK  99501
Ph:  (907) 646-3400
Fax:  (907) 646-3480
mj_haden@fd.org

Certification:

I certify that on October 3, 2006, a copy of the foregoing document, with attachments, was served electronically on:

Bryan Schroder, Esq.

/s/ M. J. Haden

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. A**

The law presumes a defendant to be innocent of crime. Thus, a defendant, although accused, begins the trial with a "clean slate" – with no evidence against him. And the law permits nothing but legal evidence presented before a jury to be considered in support of any charge against the accused. So the presumption of innocence alone is sufficient for a not guilty verdict, unless and until the jurors are satisfied beyond a reasonable doubt of the defendant's guilt after careful and impartial consideration of all the evidence in the case.

It is not required that the government prove guilt beyond all possible doubt. The test is one of reasonable doubt. A reasonable doubt is a doubt based upon reason and common sense – the kind of doubt that would make a reasonable person hesitate to act. Proof beyond a reasonable doubt must, therefore, be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his or her own affairs.

The jury will remember that a defendant is never to be convicted on mere suspicion or conjecture.

The burden is always upon the prosecution to prove guilt beyond a reasonable doubt. The burden never shifts to a defendant; for the law never imposes on the accused in a criminal case the burden or duty of calling any witness or producing any evidence.

So if the jury, after careful and impartial consideration of all the evidence in the case, has a reasonable doubt that a defendant is guilty of a charge, it must render a verdict of not guilty. If the jury views the evidence in the case as reasonably permitting either of two conclusions – one of innocence, the other of guilty – the jury should, of course, adopt the conclusion of innocence.

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. B**

The defendant is charged in the indictment with possession of cocaine base with intent to distribute in violation of Sections 841(a) of Title 21 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly intended to possess 5 grams or more of a mixture and substance containing cocaine base (crack).

Second, the defendant possessed the cocaine base (crack) with the intent to deliver it to another person.

To "possess with intent to distribute" means to possess with intent to deliver or transfer possession of a controlled substance to another person with or without any financial interest in the transaction.

**Authority:**

The Indictment at Docket 2;

Ninth Circuit Model 9.13 (modified);

Apprendi v. New Jersey, 530 U.S. 466 (2000);

But see United States v. Toliver, 351 F.3d 423, 433 (9th Cir. 2003) (defendant charged with importing or possessing a drug is not required to know the drug type or the amount of the drug); and,

United States v. Carranza, 289 F.3d 634, 644 (9th Cir. 2002) (same).

## DEFENDANT'S PROPOSED INSTRUCTION NO. C

The defendant is charged in the indictment with possession of cocaine base (crack) with intent to distribute in violation of Sections 841(a) of Title 21 of the United States Code.  In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly possessed a controlled substance with the intent to deliver it to another person, with all of you agreeing as to the controlled substance involved.

Second, that the controlled substance was 5 grams or more of a mixture and substance containing cocaine base (crack).

To "possess with intent to distribute" means to possess with intent to deliver or transfer possession of a controlled substance to another person with or without any financial interest in the transaction.

**Authority:**

The Indictment at Docket 2;

Ninth Circuit Model 9.13 (modified);

Apprendi v. New Jersey, 530 U.S. 466 (2000).

## DEFENDANT'S PROPOSED INSTRUCTION NO. D

An act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident. The government is not required to prove that the defendant knew that his acts were unlawful. You may consider evidence of the defendant's words, acts, or omissions, along with all other evidence, in deciding whether the defendant acted knowingly.

A person who is not actually aware of a fact does not act with knowledge of that fact even though a reasonable person in the same situation as the defendant would likely have been aware of that fact. Knowledge is based on a person's actual subjective awareness, not what he or she ought to have been aware of.

**Authority:**

Ninth Circuit Model Instruction No. 5.6 (modified);

United States v. MacDonald & Watson Waste Oil Co., 933 F.2d 35, 51 (1st Cir. 1991).

**DEFENDANT'S PROPOSED INSTRUCTION NO. E**

A person who is not actually aware of a fact does not act with knowledge of that fact even though a reasonable person in the same situation as defendant would likely have been aware of that fact. Knowledge is based on a person's actual subjective awareness, not what he or she ought to have been aware of.

**Authority:**

United States v. MacDonald & Watson Waste Oil Co., 933 F.2d 35, 51 (1st Cir. 1991).