NELSON P. COHEN
United States Attorney

BRYAN SCHRODER
Assistant U.S. Attorney
101 12th Avenue, Room 310
Fairbanks, Alaska 99701
Phone: (907) 456-0245
Fax: (907) 456-0577
E-mail: bryan.schroder@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>TEFFIN C. GOSS II,<br><br>Defendant. | Case No. 4:06-cr-00024-JWS<br><br>**GOVERNMENT'S PROPOSED JURY INSTRUCTIONS** |

COMES NOW the United States of America, by and through its counsel, and requests that the Court instruct the jury in accordance with the following list of jury instructions from the Manual of Model Criminal Jury Instructions for the Ninth Circuit (2003 Edition), unless otherwise indicated, and from the separate

instructions attached hereto, as well as those, if any, to be submitted under separate cover.

### **Preliminary instructions**

| | | |
|---|---|---|
| 1.1 | | Duty of Jury |
| 1.2 | | The Charge - Presumption of Innocence |
| 1.3 | | What is Evidence |
| 1.4 | | What is Not Evidence |
| 1.5 | | Evidence for Limited Purpose |
| 1.6 | | Direct and Circumstantial Evidence |
| 1.7 | | Ruling on Objections |
| 1.8 | | Credibility of Witnesses |
| 1.9 | | Conduct of the Jury |
| 1.10 | | No Transcript Available to Jury |
| 1.11 | | Taking Notes |
| 1.12 | | Outline of Trial |

### **Instructions in the Course of Trial**

| | | |
|---|---|---|
| 2.1 | | Cautionary Instruction - First Recess |
| 2.2 | | Bench Conference and Recesses |

| | |
|---|---|
| 2.7 | Transcript of Recording in English |
| 2.10 | Other Crimes, Wrongs, or Acts of the Defendant |

**Instructions at End of Case**

| | |
|---|---|
| 3.1 | Duties of Jury to Find Facts and Follow Law |
| 3.2 | Charge Against Defendant Not Evidence, Presumption of Innocence, Burden of Proof |
| 3.3 | Defendant's Decision not to Testify |
| 3.4 | Defendant's Decision to Testify |
| 3.5 | Reasonable Doubt - Defined |
| 3.6 | What is Evidence |
| 3.7 | What is Not Evidence |
| 3.8 | Direct and Circumstantial Evidence |
| 3.9 | Credibility of Witnesses |
| 3.11 | Activities Not Charged |
| 3.10 | Evidence of Other Acts of Defendant or Act and Statements of Others |
| 3.18 | Possession - Defined |

**Consideration of Particular Evidence**

| | |
|---|---|
| 4.1 | Statements by Defendant |
| 4.3 | Other Crimes, Wrongs or Acts of Defendant |
| 4.6 | Impeachment, Prior Conviction of Defendant |
| 4.17 | Opinion Evidence, Expert Witness |

**Responsibility**

5.6   Knowingly - Defined (including the bracketed second sentence)

**Jury Deliberations**

| | |
|---|---|
| 7.1 | Duty to Deliberate |
| 7.2 | Consideration of Evidence |
| 7.3 | Use of Notes |
| 7.4 | Jury Consideration of Punishment |
| 7.5 | Verdict Form |
| 7.6 | Communication With Court |

**Specific Offense Instructions**

Attached

//

//

RESPECTFULLY SUBMITTED this __3rd__ day of October, 2006, at Fairbanks, Alaska.

        NELSON P. COHEN
        United States Attorney

        <u>s/Bryan Schroder</u>
        BRYAN SCHRODER
        Assistant U.S. Attorney
        Federal Building & U.S. Courthouse
        101 12th Avenue, Room 310
        Fairbanks, Alaska  99701
        Phone: (907) 456-0245
        Fax: (907) 456-0577
        Email: bryan.schroder@usdoj.gov
        Bar # 21146

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on October _3_, 2006,
that a true and correct copy of the foregoing
**GOVERNMENT'S JURY INSTRUCTIONS**,
was served, via Electronic Filing, on:

**M.J. Haden**

s/Bryan Schroder

<u>Government's Proposed Specific Offense Instruction 1</u>

The defendant is charged in Count 1 of the indictment with possession of cocaine base with intent to distribute in violation of Section 841(a)(1) of Title 21 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

> First, the defendant knowingly possessed 5 grams or more of a mixture or substance which contains cocaine base;
>
> Second, the defendant possessed it with the intent to deliver it to another person; and
>
> It does not matter whether the defendant knew that the substance was cocaine base. It is sufficient that the defendant knew that it was some kind of a prohibited drug.
>
> To "possess with intent to distribute" means to possess with intent to deliver or transfer possession of a controlled substance to another person, with or without any financial interest in the transaction.

Authority

Ninth Circuit Pattern Jury Instruction 9.13: Controlled Substance - Possession with Intent to Distribute.