NELSON P. COHEN
United States Attorney

BRYAN SCHRODER
Assistant U.S. Attorney
101 12th Avenue, Room 310
Fairbanks, Alaska  99701
Phone:  (907) 456-0245
Fax: (907) 456-0577
E-mail: bryan.schroder@usdoj.gov

Attorneys for the Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 4:06-cr-00024-JWS |
| Plaintiff, | **GOVERNMENT'S MOTION IN LIMINE** |
| vs. | |
| TEFFIN GOSS II, | |
| Defendant. | |

The Government requests a motion in limine to allow admission of the

Defendant's conviction in Alaska state court for misconduct involving controlled

substances in 2005, as well as the underlying circumstances of the offense.  The

evidence will go show the Defendant's knowledge of the presence of cocaine

base, his intent to distribute, his common modus operendi, and when coupled with statements made by the Defendant during the traffic stop, his consciousness of guilt.

I.   **Facts**

The facts of the instant case are included in the Government's trial brief, so will not be restated here. The previous incident occurred on May 5, 2004. The Defendant and two accomplices were stopped along the Parks Highway from Anchorage to Fairbanks, driving towards Fairbanks. The Defendant was driving a rental vehicle, rented in the name of a third party, none of the occupants of the vehicle. When asked about the vehicle, the Defendant claimed he borrowed it from a friend. The vehicle also had a radar detector installed in the front window.

Officers found cocaine powder in a bag in the back of the vehicle. The bag had identifying information to connect it to one of the other occupants of the vehicle. There were also 3 firearms in the vehicle. The defendant was convicted at trial for both drug and weapons charges, after claiming that he had no knowledge of the cocaine in the vehicle.

II.   **Argument**

   A.   Federal Rule of Evidence 404(b)

As the court is well aware, evidence of a defendant's other crimes is inadmissible to show that the defendant has a bad character and therefore is likely to have committed the crime with which he is charged. However, such evidence may be introduced to prove motive, plan, identity, intent, or knowledge. Fed. R. Evid. 404(b); United States v. McKoy, 771 F.2d 1207, 1213 (9th Cir. 1985). Rule 404(b) is a rule of "inclusion". It permits the admission of any evidence of other crimes or acts relevant to an issue in the trial, except where the evidence proves only the defendant's criminal disposition. Id. The inclusionary approach to Rule 404(b) also recognizes that evidence of other crimes may be probative on issues that are not listed specifically in Rule 404(b). Id. At 1214.

B.   4-Part Test

The Ninth Circuit Court of Appeals recognizes a 4-part test to determine admissibility under Rule 404(b): (1) the other act evidence must tend to prove a material point; (2) the other act must not be too remote in time; (3) the evidence must be sufficient to support a finding that the defendant committed the other act; and (4) in some cases, the other act must be similar to the offense charged. U.S. v. Bibo-Robriguez, 922 F.2d 1398, 1400 (9th Cir. 1991). In Bibo-Rodriguez, the court determined that evidence of another instance of the defendant smuggling marijuana across the border hidden in the side panels of a vehicle was admissible

to show that the defendant had knowledge of cocaine hidden in the roof panels of the vehicle in the charged offense.

In the instant case, the Government intends to admit evidence of the Defendants prior drug offense to show his knowledge of the crack cocaine being in the vehicle, his intent to distribute the crack cocaine, his modus operendi in using the rental vehicle, and his consciousness of guilt in withholding information about his drug conviction from the officers on scene.  The evidence proposed by the Government meets the requirements of the test outlined in <u>Bibo-Rodriguez</u>.

1.   <u>Material Point</u>

First, the evidence goes to prove the key material point in the case, whether the Defendant knew that the crack cocaine was in the center console of the vehicle.  Because the vehicle was rented in the name of the Defendant's friend Jennifer Silva, he is certain to claim that he just borrowed the car and was unaware of the large bag of crack cocaine the officers found in the center console.  Like in <u>Bibo-Rodriguez</u>, the Defendant's previous conviction for similarly transporting cocaine in a borrowed rental car shows that his claim of being an innocent driver is highly unlikely.  Moreover, the Defendant's past state court conviction involving the manufacture, delivery, or possession with intent to manufacture or deliver a controlled substance is evidence that goes directly to his

intention to distribute the crack cocaine in the vehicle.  The government must prove knowledge and intent to convict the defendant of possession with intent to distribute cocaine base, and should be allowed to meet this burden by any "otherwise acceptable means."  U.S. v. Jones, 982 F.2d 380, 382 (9th Cir. 1992).

In addition to showing the key material issues of knowledge and intent, the Government intends to introduce evidence of the Defendant's past drug conviction to show modus operendi.  The Defendant used a rental car in previous conviction, and has used a similar tactic in this case.  He even equipped the rental car with a radar detector in both instances to avoid contact with law enforcement officers.  By using a rental car, the defendant puts himself in a ready position to claim that the crack cocaine did not belong to him.  Moreover, in both instances he claimed that he borrowed the rental car from a friend, trying to add a double layer of insulation from the cocaine. His unsuccessful attempt to claim no knowledge of the cocaine in the previous case is highly probative of his knowledge of the crack cocaine being in the car in this case.

Finally, the previous conviction is material in the instant case to show the Defendant's consciousness of guilt.  During the traffic stop, the Defendant would not allow a search of the vehicle, explaining that he knew from a previous

incident where he went to jail that he did not have to consent:

> Officer Keeler: Do you have any problem with me looking at the vehicle?
>
> Mr. Goss: It's not my rental car, but no.
>
> Officer Keeler: It's – you don't have a problem with me checking the vehicle?
>
> Mr. Goss: I can't – I can't say that I can.
>
> Officer Keeler: What's that?
>
> Mr. Goss: I said I can't say that I can. I've been in this situation before, and the same reason I went to jail before because somebody told me that.
>
> Officer Keeler: Told you what?
>
> Mr. Goss: That – well, he asked me – they – I found out later that I didn't have to because it wasn't my vehicle.
>
> Officer Keeler: Uh-huh (affirmative).
>
> Mr. Goss: That I didn't have to (indiscernible) --

However, when Officer Keeler tries to clarify the matter later, the Defendant strictly avoids saying anything about drugs, even though his past conviction was for drugs and weapons:

Officer Keeler: So (indiscernible) and do you have history of drugs, is that what you told me?

Mr. Goss: No, I don't, I don't.

Officer Keeler: You – what – you said you were arrested once before because of it, right?

Mr. Goss: No. I did not say I was arrested for that. I did not say that.

Officer Keeler: Okay. What is it you told me then? Your dog's trying to get out.

Mr. Goss: (Indiscernible)

Sergeant Barth: You're going to want to roll that window up anyway.

Mr. Goss: No Problem (Indiscernible).

Officer Keeler: Because you said you were in a situation before --

Mr. Goss: (Indiscernible) my dogs in there?

Sergeant Barth: Yeah, I won't (Indiscernible).

Officer Keeler: You told me you were in a situation before --

Mr. Goss: Right, I didn't say I was arrested.

Officer Keeler:  – that you got in trouble. Okay.

Mr. Goss: I never said I got arrested, officer.

Officer Keeler: All right. I – I just assumed that.

Mr. Goss: No, I didn't.

Officer Keeler: All right. So how did you get in trouble then?

Mr. Goss: Because I was in the wrong place at the wrong time. That's why. And I didn't know that – I never been in that situation before, so …

Officer Keeler: So obviously there was some kind of contraband in the car that you were in.

Mr. Goss: No, actually there was a firearm.

Officer Keeler: Oh, there was a firearm.

Mr. Goss: It was a firearm, but I didn't have nothing to do with that, and I still got in trouble. And I didn't know the consequences of what was I to do. I didn't know, so not knowing, I guess, (indiscernible) talked to the judge (indiscernible) said, well, you're not in trouble because you didn't have possession, but the fact that you were in a car with somebody else. I didn't have no priors, no previous, so I don't know that I can get in trouble (indiscernible) --

Officer Keeler: Un-huh (affirmative).

>Mr. Goss: – so that's why I didn't say I was arrested or nothing like that.

The Defendant brought up his previous interaction with law enforcement officers where there was a weapon involved, but specifically avoided any mention of drugs, saying that there was only a firearm. The Defendant's criminal history, as outlined in the Pre-Trial Services report of 5/23/06, shows only one weapons offense, the same incident where the Defendant was found in a rental car with cocaine. The Defendant carefully avoided mentioning drugs, even specifically avoiding Officer Keeler's direct question about drugs because he knew it strengthen the officer's case, as well as their resolve, to search the rental vehicle and find the drugs he stashed there. Introduction of the circumstances of his previous conviction will be material in showing that the Defendant knew the drugs were in the vehicle, and wanted to avoid having the officers search and find them.

    2.    <u>Not Remote in Time</u>

The second and third prongs of the test for admission of Rule 404(b) evidence are much more simply met. The previous offense was not too remote in time. The offense happened in May of 2004, and the final judgement was issued in January 2005.

3.  Sufficient Evidence of the Prior Act

As for the third prong, the Government has attached a copy of a certified judgment that the defendant was convicted of the offense. Exhibit 1.  As to the details, the Government will introduce testimony of DEA Special Agent Mike Foran, who was involved in the apprehension of the Defendant and the search of the vehicle on May 5, 2004.

4.  Similarity

The final prong of the test outlined in Bibo-Rodriguez is the similarity of the offenses.  In this instance, the criminal transactions were remarkably similar. In the Defendant's previous offense, he was stopped by law enforcement officers while in transit from the Anchorage area to Fairbanks.  He was in a rental vehicle – equipped with a radar detector –  that contained approximately 361.7 grams of cocaine powder.  When stopped, he claimed that he borrowed the rental vehicle from a friend and had no knowledge of the cocaine.  In the instant case, documents found by the law enforcement officers in the rental car indicated that the Defendant had made a trip to the Anchorage area the day before.  The officers found a moving violation for speeding issued by an Alaska State Trooper in Palmer on April 14, 2006.  Moreover, the rental car in the instant case was equipped with a radar detector, and the Defendant is similarly claiming that he

borrowed the rental car from a friend as a means to avoid connection to the crack cocaine. Thus, as in the previous offense where the Defendant used a rental vehicle to move cocaine from the Anchorage area into Fairbanks, the instant offense is directly similar.  The Defendant made a trip to the Anchorage area with a rental car the day before he was discovered with cocaine.

    C.    <u>Federal Rule of Evidence 403</u>

In addition to the 4-part test described above, the court must also balance the probative value of the evidence against the risk of unfair prejudice under Federal Rule of Evidence 403.  <u>U.S. v. Mayans</u>, 17 F.3d 1174, 1183 (1994). The evidence is admissible unless the probative value is <u>substantially</u> outweighed by <u>unfair</u> prejudice.   For the many reasons outlined above, the Government contends that the probative value of the Defendant's previous offense is significant, especially toward the issue of knowledge. The information is especially probative because knowledge is likely to be the key factor in the case. When the evidence at issue is strongly probative, there must be a greater showing of unfair prejudice to warrant exclusion.  <u>U.S. v. Bailleaux</u>, 685 F.2d 1105, 1111 (9th Cir. 1982).  Any risk of unfair prejudice would stem from the possibility that the jury might tend to convict the Defendant because he was convicted before, not on the evidence of the crime charged.   This risk does not sufficiently

overcome the strong probative value of the evidence. Moreover, this risk can be sufficiently mitigated with a limiting instruction from the court.

III. **Conclusion**

The Defendant uses rental vehicles for a reason. If caught with cocaine, the rental vehicle provides a ready-made excuse to deny knowledge of the drugs. He then tries to double insulate himself by claiming that he borrowed the rental car from a friend. This will almost certainly be the defense in this case. Thus, proving the defendant's knowledge will be a key requirement for the Government. It is appropriate for the Government to introduce evidence of the Defendant's previous offense because the evidence will be introduced to show knowledge, intent, modus operendi, and consciousness of guilt. And in the final analysis, showing that Defendant used the same modus operandi and displayed consciousness of guilt links directly to the knowledge element. Using similar tactics is a strong indicator that he knew there was cocaine in the rental vehicle, because he put it there. Moreover, his care in avoiding the mention of drugs in the previous case during his discussion with Officer Keeler indicates that he believed if he mentioned drugs a search of the vehicle was much more likely. He wanted to avoid that search because he knew the drugs were in the car, again because he put them there.

RESPECTFULLY SUBMITTED this _3rd__ day of October, 2006,

at Fairbanks, Alaska.

> NELSON P. COHEN
> United States Attorney
>
> s/Bryan Schroder
> Assistant U.S. Attorney
> 101 12th Avenue, Room 310
> Fairbanks, Alaska  99701
> Phone:  (907) 456-0245
> Fax: (907) 456-0577
> E-mail:Bryan.Schroder@usdoj.gov
> WA# 21146

**CERTIFICATE OF SERVICE**

I hereby certify that on October 3, 2006,
a copy of the foregoing **GOVERNMENT'S MOTION IN LIMINE**,
was served, via electronic filing, on:

M.J. Haden

s/Bryan Schroder