M. J. Haden
Staff Attorney
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
601 West Fifth Avenue, Suite 800
Anchorage, Alaska  99501
(907) 646-3400

Attorney for Defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>TEFFIN C. GOSS, II,<br><br>　　　　　Defendant. | Case No. 4:06-cr-0024-JWS<br><br>**MOTION FOR PROTECTIVE ORDER TO PREVENT OPINION OF LAY WITNESSES AS TO FRESHNESS OF CRACK COCAINE** |

　　　　Defendant, Teffin C. Goss, II, by and through counsel M. J. Haden, Staff Attorney, moves this court for a protective order to prevent the government from presenting opinion testimony of a law enforcement officer as to the freshness of the crack cocaine seized in this case under Rule 701 of the Federal Rules of Evidence.

　　　　Mr. Goss anticipates the government will attempt to offer evidence through law enforcement officers that the crack cocaine seized in this case appeared wet and was therefore freshly manufactured, thereby limiting the time frame that the drugs could have been stored in the rental vehicle.  Mr. Goss asserts that testimony concerning a time frame as to when the crack cocaine in this case was manufactured does not fall within the type

of testimony covered under Rule 701.  Such an opinion would call for the witness's opinion to be based on scientific, technical, or other specialized knowledge.  Opinion testimony based on any of the above factors falls within the scope of expert testimony and is controlled by Rule 702.  Mr. Goss respectfully requests a protective order to prevent the government from presenting this testimony under Rule 701.

I.      **Effective December 1, 2000, Fed. R. Evid. 701 Was Amended to Exclude Lay Opinion Testimony "Based on Scientific, Technical, or Other Specialized Knowledge Within the Scope of Rule 702."**

The government proposes to call a lay witness pursuant to Fed. R. Evid 701, which governs opinion testimony by lay witnesses.  Effective December 1, 2000, Fed. R. Evid. 701 was amended.  The amended rule reads as follows:

> If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) **not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.**

The Advisory Committee Notes to the 2000 Amendments explain why the government's effort to proffer a lay witness to testify regarding the drying time or the time frame within when the crack cocaine was made does not fall within the type of testimony covered by Rule 701.

> Rule 701 has been amended to eliminate the risk that the reliability requirements set forth in Rule 702 will be evaded through the simple expedient of proffering an expert in lay witness clothing.  Under the amendment, a witness' testimony must be scrutinized under the rules regulating expert opinion to the extent that the witness is providing specialized knowledge within the scope of Rule 702.  By channeling

>testimony that is actually expert testimony to Rule 702, the amendment also ensures that a party will not evade the expert witness disclosure requirements set forth in Fed. R. Civ. P. 26 and Fed. R. Crim. P. 16 by simply calling an expert witness in the guise of a layperson.
>
>The amendment does not distinguish between expert and lay witnesses, but rather between expert and lay testimony. Certainly it is possible for the same witness to provide both lay and expert testimony in a single case. [However], [t]he amendment makes clear that any part of a witnesses testimony that is based upon scientific, technical, or other specialized knowledge within the scope of Rule 702 is governed by the standards of Rule 702 and the corresponding disclosure requirements of the Civil and Criminal Rules.

Advisory Committee Notes to Rule 701 – 2000 Amendments (citations omitted).

**II.    Testimony Regarding Length of Time That it Takes for Crack Cocaine to Dry after it Has Been Manufactured Is Based on Extensive Experience and Specialized Knowledge and Therefore Falls under the Rule of 702.**

In United States v. Figerona-Lopez, 125 F.3d 1241 (9th Cir. 1997), the court held that law enforcement agents testifying that the defendant's conduct was consistent with that of a drug trafficker could not testify as lay witnesses; to permit such testimony under Rule 701 "subverts the requirements of Fed. R. Crim. P. 16(a)(1)(E)." While the law enforcement agents would testify that a defendant was acting suspiciously, without being qualified as experts, the rules on experts were applicable where the agents testified on the basis of extensive experience that the defendant was using code words to refer to drug quantities and prices.

The Commentary to 701 explains that the distinction between lay and expert witness testimony is that lay testimony results from a process of reasoning familiar in everyday life, while expert testimony results from a process of reasoning which can be

3

mastered only by specialists in the field.  Under Figerona-Lopez, it is clear that if a witness were to describe how a narcotic was manufactured, or to describe the intricate workings of a narcotic distribution network, then the witness would have to be qualified as an expert under Rule 702.  See Commentary to 701.  Thus, the evidence is subject to Rule 702.

Because the government has failed to provide notice of an expert witness on this issue pursuant to Rule 16, all testimony concerning the time frame that it takes for freshly manufactured crack cocaine to dry should be excluded.

DATED this 3rd day of October, 2006.

Respectfully submitted,

FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA

/s/ M. J. Haden
Staff Attorney
Alaska Bar No. 0607047
601 West Fifth Avenue, Suite 800
Anchorage, AK  99501
Ph:  (907) 646-3400
Fax:  (907) 646-3480
mj_haden@fd.org

Certification:

I certify that on October 3, 2006, a copy of the foregoing document, with attachments, was served electronically on:

Bryan Schroder, Esq.

/s/ M. J. Haden