NELSON P. COHEN
United States Attorney

BRYAN SCHRODER
Assistant U.S. Attorney
101 12th Avenue, Room 310
Fairbanks, Alaska  99701
Phone:  (907) 456-0245
Fax: (907) 456-0577
E-mail: bryan.schroder@usdoj.gov

Attorneys for the Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) Case No. 4:06-cr-00024-JWS |
| Plaintiff, | ) **GOVERNMENT'S** |
| | ) **COMBINED OPPOSITION** |
| vs. | ) **TO DEFENDANT'S** |
| | ) **MOTION IN LIMINE TO** |
| TEFFIN GOSS II, | ) **EXCLUDE EVIDENCE AND** |
| | ) **MOTION FOR** |
| Defendant. | ) **PROTECTIVE ORDER** |

COMES NOW the United States of America, by and through the undersigned Assistant U.S. Attorney, and submits the following response and opposition to Defendant's motion in limine to exclude evidence and motion for protective order.

I.  Motion in Limine

   A.  References to Prior Interaction with Law Enforcement

The Government does not intend to refer to the notice provided to Officer Keeler during the initial traffic stop that the Defendant had a "3500" history. The Government opposes the Defendant's request to exclude his references during the traffic stop to his prior arrest, as well as exclusion of his prior conviction. These matters are the subject of the Government's motion in limine to admit Federal Rule of Evidence 404(b) evidence. Based upon the reasons set forth in the Governments motion in limine, the Government requests that this portion of the Defendant's motion in limine be denied.

   B.  Invocation of Constitutional Rights

The Government does not intend to introduce evidence that the Defendant refused to consent to the vehicle search, or that he subsequently asked for an attorney and decided to remain silent. However, there are two important points that the court should consider. First, as to the refusal to consent to the vehicle search, after denying his consent, the Defendant goes on to explain his decision by referring to a previous vehicle search where the officers found firearms. He specifically fails to mention that the same search also uncovered cocaine. These references are cited in the Government's motion in limine as consciousness of

guilt on the part of the Defendant, and part of the basis for the Government's request to admit the Defendant's past conviction. However, the Government only intends to introduce those portions of the transcript necessary to show the jury the Defendant's consciousness of guilt. Those portions of the transcript were cited in the Government's motion in limine. The Government requests that the court rule on this issue as part of the Government's motion in limine. Second, after being brought to the University of Alaska Fairbanks Police Station and provided his <u>Miranda</u> warnings, the Defendant answered a number of questions from Officer Keeler before asking for an attorney and invoking his right to remain silent. The Defendant's motion does not cover those statements of the Defendant, and the Government reserves the right to introduce those statements as appropriate, stopping short of the Defendant's invocation.

    C.    <u>Opinion of Deceptiveness</u>

The Government opposes the Defendant's motion to restrict testimony from Officer Keeler that the Defendant appeared deceptive at the scene of the traffic stop. Contrary to the Defendant's assertion and citation, Officer Keeler did not express an opinion about guilt or innocence, only deceptiveness. This is a lay witness opinion by a trained and experienced observer, rationally based on his perceptions, and helpful to a clear understanding of his testimony. The evidence

should be admissible with an appropriate foundation under Federal Rule of Evidence 701.

    D.    <u>Rap Lyrics</u>

The documents referred to by the Defendant were among the papers found in the rental car during the search of the vehicle. Because the Defendant's knowledge of what was in the car is a central issue in the case, the Government should be free to introduce relevant evidence to show the Defendant's connection to the vehicle. If the Government can show that the papers containing the rap lyrics are connected to the Defendant, it is relevant to show an additional connection between the Defendant and the car. The Government is not intending to introduce the contents of the lyrics themselves, and is willing to work with the court and the Defendant to find a way to introduce the fact that the papers belonged to the Defendant without introducing the lyrics themselves.

    E.    <u>White Plastic Box</u>

The Government does not intend to introduce the white plastic box, its contents, or the tests of its contents in it's case in chief. However, if the box, its contents, or the tests become relevant based upon evidence introduced by the Defendant, the Government requests to reserve the opportunity to introduce the evidence as appropriate.

II.   Motion for Protective Order

The Government intends to present evidence that crack cocaine, when manufactured, is generally wet, drying over a period of time.  This information will be provided based on the training and experience of law enforcement witnesses and an expert witness, Mr. Palmer, from the State of Alaska Crime Detection Laboratory.  The Government does not intend to have law enforcement witnesses provide an opinion about the time frame of when the crack cocaine in the instant case was manufactured.  Moreover, the Government is not aware of information at this point which would allow Mr. Palmer, in his capacity as an expert witness, to provide an accurate opinion as to when the drugs in this case were manufactured.  Thus, the Government is not planning on asking Mr. Palmer for such an opinion.  Because the Government will not be offering the evidence anticipated by the Defendant, the Defendant's motion should be denied.  If evidence is revealed at trial that allows Mr. Palmer to form an appropriately accurate opinion on when the crack cocaine was manufactured, the Government will notify the court and the Defendant for an appropriate determination prior to

//

//

raising the issue during witness testimony.

   RESPECTFULLY SUBMITTED this _6th__ day of October, 2006, at Fairbanks, Alaska.

            NELSON P. COHEN
            United States Attorney

            s/Bryan Schroder
            Assistant U.S. Attorney
            101 12th Avenue, Room 310
            Fairbanks, Alaska  99701
            Phone:  (907) 456-0245
            Fax: (907) 456-0577
            E-mail:Bryan.Schroder@usdoj.gov
            WA# 21146

**CERTIFICATE OF SERVICE**

I hereby certify that on October 6, 2006,
a copy of the foregoing **GOVERNMENT'S COMBINED OPPOSITION TO DEFENDANT'S MOTION IN LIMINE TO EXCLUDE EVIDENCE AND MOTION FOR PROTECTIVE ORDER**,
was served, via electronic filing, on:

M.J. Haden

s/Bryan Schroder