M. J. Haden
Assistant Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
601 West Fifth Avenue, Suite 800
Anchorage, Alaska 99501
(907) 646-3400

Attorney for Defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>TEFFIN C. GOSS, II,<br><br>　　　　　　Defendant. | Case No. 4:06-cr-0024-JWS<br><br>**DEFENDANT'S OPPOSITION TO GOVERNMENT'S MOTION TO PRESENT 404(b) EVIDENCE** |

Defendant, Teffin C. Goss, II, by and through counsel M. J. Haden, Assistant Federal Defender, hereby requests that this court issue an order precluding the government from introducing any evidence against Mr. Goss related to his arrest on May 5, 2004. It is requested that this order cover all evidence seized by law enforcement officers as a result of a search of the vehicle he was driving, as well as all statements made following his arrest. This motion is brought pursuant to Federal Rule of Evidence 404(b) and is further supported by the following argument.

I. FACTUAL BACKGROUND

Mr. Goss stands indicted for a single court of possession of cocaine base with the intent to distribute in violation of 18 U.S.C. § 841. The facts of the underlying charge are detailed in the government's trial brief. The government seeks to introduce evidence relating to a May 5, 2004, traffic stop that resulted in Mr. Goss sustaining a conviction for Misconduct Involving a Controlled Substance in the Third Degree in violation of Alaska Stat. § 11.17.030(a)(a) and Misconduct Involving Weapons in the Second Degree in violation of Alaska Stat. § 11.61.195(a)(1). The government seeks introduction of this evidence under Rule 404(b) under four theories: his knowledge of the presence of cocaine in the vehicle, his intent to distribute, his modus operandi, and his consciousness of guilt. Mr. Goss contends that none of the evidence should be employed by the government in its efforts to prove up the current charges against him because the evidence fails to meet the criteria for admission under the standards of Federal Rules of Evidence 404(b), in addition to the fact that the evidence is more prejudicial than probative under Rule 403.

II. ARGUMENT

    A. The Government Cannot Meet The Rule 404(b) Test of Admissibility

Federal Rule of Evidence 404(b) provides that evidence must not consist of other crimes, wrongs, or acts. This rule prevents the use of such evidence as "propensity evidence" whose only purpose is to show the defendant's propensity to commit a crime.

Evidence Rule 404(b) has several lists of exceptions to the general rule of inadmissibility. These exceptions are limited to the use of evidence to show the following: proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of

mistake or accident. The Ninth Circuit uses a four part test, plus the Rule 403 balancing test, to determine whether evidence of extrinsic acts is admissible. Character evidence in the nature of a specific bad act/other crime is admissible if the following four criteria are met:

    (1)    The evidence tends to prove a material fact;

    (2)    The extrinsic evidence is not too remote in time from the charged crime;

    (3)    The evidence is sufficient to support a finding that the defendant committed the extrinsic act; and

    (4)    If knowledge and intent are at issue, the extrinsic act is similar to the charged crime.

See United States v. Vizcarra-Martinez, 66 F.3d 1006, 1013 (9th Cir. 1995).

In this case, the defense contends that the four part test cannot be satisfied by the government. While Mr. Goss concedes that under current Ninth Circuit law the evidence meets the remoteness prong and the sufficiency prong, however the evidence fails to meet the requirement of proving a material fact and being similar to the contested crime.

    1.    Facts are not similar

        a.    The rental car

The facts of the May 5, 2004, stop greatly differ from the facts at hand. First of all are the facts concerning the rental car. The rental car in the 2004 case was allegedly rented under an assumed name solely for the purpose of traveling to Anchorage to procure cocaine. There was no allegation that the rental car was used as an excuse to be unaware

3

of its contents as the drugs were not secreted in the car itself, but in luggage belonging to other passengers. The rental car simply was a method of transportation.

Here, the rental car was leased by an identifiable individual, Jennifer Silva, an individual who is gainfully employed and who is a property owner. There was no attempt to hide the identity of the renter. In addition, the vehicle was rented for a legitimate purpose. The vehicle was rented because Ms. Silva's personal vehicle had been damaged by vandalism and was in the shop being repaired. Furthermore, Mr. Goss had limited access to this vehicle. Evidence will show that he borrowed the vehicle from Ms. Silva no more than two or three times. Each time he possessed the vehicle no more than a few hours. Although the government has proof that Mr. Goss receive a ticket on the Parks Highway the day before his arrest, the defense is prepared to present evidence that this ticket was issued just south of Cantwell, not in Anchorage, Wasilla, or Palmer. Thus, there is no evidence that this vehicle was ever driven to Anchorage.

    b.  <u>Type and location of drugs</u>

In the 2004 stop, the contraband consisted of 12 individually wrapped packets of power cocaine, not less than an ounce of crack cocaine as in this case. The cocaine was hidden in a duffle bag located in the cargo compartment of an SUV. In the bag were documents connecting the bag to another individual who was a passenger in the car. Mr. Goss never claimed that he did not know that the bag was in the vehicle. Indeed, his bag was located next to the duffle. His claim was that he did not know the contents of the other person's luggage, a claim significantly different than not knowing that the <u>car</u> itself contained drugs.

c. <u>Other individuals involved</u>

In the 2004 stop, there were two other individuals in the automobile. Each individual had property in the car. Each individual was charged with possessing a firearm. Two of the individuals admitted to staying in Anchorage several days prior to returning to Fairbanks. In the case at hand, Mr. Goss was the only individual in the vehicle. There is no direct evidence that he traveled to Anchorage, much less stayed overnight in Anchorage. Thus, the facts of the 2004 case are distinctly different than the case at hand.

2. <u>Evidence fails to establish modus operandi</u>

The government contends that the facts of the 2004 incident are so similar to the case at hand that they establish a modus operandi. In order to establish modus operandi, the facts associated with an event must include something that set the offense aside from other instances involving the same violation of law – something that makes it unique. Modus operandi requires the that the facts set forth a signature. The "use of modus operandi evidence is rare, and the similarities must be specific and detailed and clearly set the particular offense apart from the general body of such offenses." <u>People of the Territory of Guam v. Shymanovitz</u>, 157 F.3d 1154 n.9 (9th Cir. 1998) <u>quoting</u> <u>McCormick on Evidence</u> § 190 at 801-03 (4th ed. 1992) (noting that modus operandi evidence must involve acts by the defendant that are "so nearly identical in method as to earmark [the charged offense] as the handiwork of the accused" and that are "so ususal and distinctive as to be like a signature").

Here, the only thing that the two offenses have in common is the existence of a rental car and perhaps a radar detector. As Officer Keeler testified to at the suppression hearing and at the state grand jury, both items are extremely common in

cases involving drug trafficking. Thus, there is nothing unique in either instance. There is no signature to either event – no modus operandi.

       3.      <u>Consciousness of guilt</u>

The government asserts that it intends to introduce the facts from Mr. Goss's prior encounter with law enforcement as proof of consciousness of guilt based on his statements made to Officer Keeler during the traffic stop in this case. Rule 404(b) sets forth a list of purposes for which other bad acts can be introduced. Those include proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. Consciousness of guilt is not included in this list of exceptions. In order for a prior bad act to be admissible, the evidence must go to prove a key material fact. Consciousness of guilt is ambiguous in this case. Guilt of what? As the government is aware, at the time of the stop in this case, Mr. Goss was subject to an appellate bond. As a condition of his bond he was required to be in the presence of a third party. Statements to Officer Keeler were not consciousness of guilt of the charged offense, but simply to avoid Keeler learning of his release status. There the statements do not prove a material fact regarding under lying charge and may not be used pursuant to Rule 404(b).

       4.      <u>Prior bad act does not prove a key material fact</u>

The government asserts that Mr. Goss's 2004 contact with law enforcement is admissible to show knowledge of the drugs hidden in the vehicle. Where evidence of a defendant's character comes in to prove knowledge, admissibility requires a logical connection between the knowledge gained as a result of the commission of the prior act and the knowledge at issue in the charged act. <u>United States v. Martinez</u>, 182 F.3d 1107, 1111 (9th Cir. 1999). Here the government is alleging that because Mr. Goss was once

stopped in a rental vehicle in which drugs were found in a passenger's luggage, he must have knowledge that every time he enters another individual's vehicle, there could be drugs hidden somewhere in the car. This logic simply does not fly. As the Ninth Circuit reasoned in <u>United States v. Garcia-Orozco</u>, 997 F.2d 1302, 1305 (9th Cir. 1993), "there is no logical basis from which to infer that [the defendant] knew that the Suburban contained drugs because drugs were found in a car in which he was previously a passenger . . . . It is unreasonable to expect that the [prior] incident would have put [the defendant] on 'notice' that every car in which he rode thereafter could contain drugs." Here there is no logical basis to infer that defendant knew that the borrowed rental car would contain drugs simply because he was previous charged for drugs found in a duffle bag associated with a passenger of a rental car in which he was the driver. The two events simply are not similar enough to infer knowledge; thus, the events of the 2004 arrest should not be admitted under Rule 404(b).

### III.  THE UNFAIR PREJUDICE OF 404(B) EVIDENCE SIGNIFICANTLY OUTWEIGHS ITS PROBATIVE VALUE

It should be noted that Rule 404(b) evidence is treated skeptically. In <u>United States v. Bradley</u>, 5 F.3d 1317, 1320 (9th Cir. 1993) (<u>quoting</u> <u>United States v. Hodges</u>, 770 F.2d 1475, 1480 (9th Cir. 1985)), it was emphasized:

> Extrinsic act evidence is not looked upon with favor. We have stated that our reluctance to sanction use of evidence of other crimes stems from the underlying premise of our criminal system, that the defendant must be tried for what he did, not for who he is. Thus, guilt or innocense of the accused must be established by evidence relevant to the particular offense being tried, not by showing that the defendant has engaged in other acts of wrongdoing.

7

The Ninth Circuit has consistently stated that Rule 404(b) evidence "must be narrowly circumscribed and limited." United States v. Bailleauz, 685 F.2d 1105, 1109 (9th Cir. 1982). As stated in United States v. Hodges, 770 F.2d 1475 (9th Cir. 1984), "under our system, an individual may be convicted only for the offense of which he is charged and not for other unrelated criminal acts which he may have committed. Therefore, the guilt or innocence of the accused must be established by evidence relevant to the particular offense being tried, not by showing that the defendant has engaged in other acts of wrongdoing."

After making the Rule 404(b) determination, the court must balance prejudice against probity as required by Rule 403. See United States v. Lynch, 367 F.3d 1148, 1160 (9th Cir. 2004). The measure of undue prejudice is whether admission of the evidence created a tendency to suggest a decision on an improper basis. See United States v. Allen, 341 F.3d 870, 886 (9th Cir. 2003). There the probative value is slight, even moderate prejudice is unacceptable. United States v. Hitt, 981 F.2d 422, 424 (9th Cir. 1992).

Based on all of the factors above, Mr. Goss respectfully requests that this court prohibit the government from introducing any evidence concerning his May 2004 contact with law enforcement.

///
///
///
///
///

DATED this 6th day of October, 2006.

Respectfully submitted,

FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA

/s/ M. J. Haden
Assistant Federal Defender
Alaska Bar No. 0607047
601 West Fifth Avenue, Suite 800
Anchorage, AK  99501
Ph:  (907) 646-3400
Fax:  (907) 646-3480
mj_haden@fd.org

Certification:

I certify that on October 6, 2006, a copy of the foregoing document, with attachments, was served electronically on:

Bryan Schroder, Esq.

/s/ M. J. Haden