UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 4:06-cr-00024 JWS |
| | ) | |
| vs. | ) | ORDER FROM CHAMBERS |
| | ) | |
| TEFFIN C. GOSS, II, | ) | [Re: Motions at dockets 70, |
| | ) | 71, and 72] |
| Defendant. | ) | |
| | ) | |

## I. MOTIONS PRESENTED

At docket 70, plaintiff United States filed a motion seeking to introduce evidence of defendant's prior bad conduct and some of the statements he made during an encounter with law enforcement personnel prior to his arrest on the pending charge. The government contends that the evidence is admissible pursuant to Rule 404(b) of the Federal Rules of Evidence. Defendant Goss filed a motion at docket 71 seeking to exclude some of the evidence which is the subject of plaintiff's motion at docket 70 and additional evidence described below on grounds that the evidence is inadmissible under Rules 401, 402, and 403. At docket 72, Goss filed a motion seeking to exclude any lay opinion testimony concerning the freshness of crack cocaine found in the automobile Goss was driving at the time of a traffic stop. The motions have been briefed.

## II. BACKGROUND

Goss ran a red light at the intersection of Geist Road and Fairbanks Street on April 15, 2006. He was observed by University Police Officer Keeler, who stopped the vehicle, a Toyota Camry ("the Camry"). Goss provided Officer Keeler with an Avis

rental contract for the Camry showing that the car was rented to Jennifer Silva. Although defendant refused to consent to a search of the Camry, he gave consent for a narcotics sniff by a drug dog which accompanied the back-up officer, Trooper Mobley. The Camry contained numerous air fresheners, but the dog was not distracted and alerted on the console between the front seats. The console contained a camera bag holding 24.5 grams of cocaine base ("the crack") which was still wet. During the traffic stop Goss spoke with Officer Keeler. In the conversation Goss referred to an earlier incident, but denied that the incident involved drugs.

Goss was charged in a single count indictment with possessing 5 grams or more of cocaine base with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). He pled not guilty. Trial will commence on October 12, 2006.

### III. DISCUSSION

**A. Motions at Dockets 70 and 71**

**1. Prior Conviction**

In its motion at docket 70, the government contends that evidence of defendant's prior state conviction for misconduct involving a controlled substance in violation of AS 11.71.030(a)(1) and the circumstances surrounding that crime are admissible to show Goss' knowledge of the presence of the crack in the Camry, his intent to distribute the crack, and his *modus operandi*. The United States also seeks to couple the prior conviction with Goss' denial of prior involvement with drugs during the conversation prior to his arrest to show a consciousness of guilt.

Rule 404(b) precludes admission of prior bad acts for the purpose of showing behavior in conformity with the prior act–so-called "propensity evidence," but it permits the introduction of prior bad acts for a variety of limited purposes, including knowledge, intent, preparation, and so forth.[1] Even though admissible under Rule 404(b), evidence

---

[1] *See* Rule 404(b) of the Federal Rules of Evidence for the complete list.

-2-

may still be excluded under Rule 403 if its probative value is substantially outweighed by the danger of prejudice to the defendant.[2]

As it has recently reiterated, the Ninth Circuit uses a four-part test to determine the admissibility of evidence under Rule 404(b): First, there must be evidence adequate to show that defendant actually committed the prior act. Second, the other act cannot be too remote temporally. Third, the prior act must be similar, at least when it is introduced to prove intent. Fourth, the earlier act must tend to prove something that is a material element of the crime currently charged.[3] Here, there is no dispute about the defendant's commission of the prior crime, so the first criterion is met. Second, the earlier crime was committed in May of 2004, and was the subject of a jury trial in August of 2004. It is not too remote in time.

Third, the prior crime involved the possession of cocaine in a rental car driven by defendant, but rented in another name. It is clearly similar in general outline to the crime charged here. Defendant asserts that the details, however, are too dissimilar. Initially, the court will consider concerns about dissimilarity in the context of proving Goss' knowledge that the crack was in the Camry.

Goss points to the fact that in the earlier incident, the vehicle was rented in a phoney name rather than in the name of a real person. While this is a distinction, the fact remains that the use of a name other than defendant's provided him with some separation from a vehicle being used to transport drugs. This difference is of minor significance in the 404(b) analysis.

The next cited difference is that the earlier incident involved cocaine in someone's duffle bag in the cargo space of the vehicle. Here, the crack was in a camera bag in the center console. The difference is not significant. A camera bag and a duffle bag, although suitable for carrying different sizes of objects, are sufficiently similar devices for enclosing personal property that is being transported. The center

---

[2] It may also be excluded if its admission would result in confusion of the issues, mislead the jury, result in undue delay, be a waste of time, or be needlessly cumulative. Defendant urges only the danger of prejudice as a reason for excluding the evidence. Doc. 79 at pp. 7-8.

[3] *United States v. Curtin*, 443 F.3d 1084, 1091 (9th Cir. 2006).

console, like the cargo space, provides a location that is not easily viewed by someone outside the vehicle. Defendant also objects that the May 2004 incident involved 12 packages containing powder cocaine, not a single package containing crack cocaine. The Ninth Circuit has indicated that the fact that another bad act involved marijuana rather than cocaine is not a difference warranting exclusion of the evidence of the other bad act when used to prove knowledge.[4] Here, the difference between the controlled substances is even less meaningful. Powder cocaine is easily converted to cocaine base. With regard to the quantity difference, it can safely be said that no drug dealer can be expected to always be in the process of transporting the same quantity of drugs. Goss also argues that in the earlier incident he had two passengers, while he was alone in the Camry. This difference does not help Goss, for it would be more, not less, likely that Goss would know the contents of a vehicle in which he was the only occupant than that he would know the contents of luggage belonging to a passenger. Finally, the court has considered all of the differences cumulatively and still concludes that the incidents are sufficiently similar with respect to Goss' knowledge.

Fourth, the prior crime tends to show Goss's knowledge that the crack was in the Camry. In *United States v. Howell*,[5] the defendant had been a passenger on a bus. A bag in the overhead bin directly above him contained cocaine. Neither Howell, nor his traveling companion, nor any other passenger claimed the bag. The bag contained cocaine as well as personal property linking the bag to Howell. Here, the vehicle contained crack and Goss' control over the vehicle and the rap lyrics link the vehicle to him. At trial, Howell took the position that the drugs in the bag were not his; here, it is Goss' position that the government cannot prove that the drugs in the Camry were his. Approving the admission of two prior drug convictions in *Howell*, the Ninth Circuit explained that they were admissible to rebut Howell's claim that he was merely

---

[4] *United States v. Bibo-Rodriquez*, 922 F.2d 1398, 1401-02 (9th Cir. 1991) (The case actually involved a *subsequent* bad act rather than a *prior* bad act, but the court applied the same analysis to the case of the *subsequent* act.)

[5] 231 F.3d 615 (9th Cir. 2000).

-4-

present.[6]  Here, Goss' prior conviction supports the proposition that the crack belonged to Goss and was not merely found in his presence.  Goss' prior drug conviction and the circumstances giving rise to the conviction is evidence relevant to show Goss' knowledge that there was an illegal substance in the Camry, something which the government must prove to convict him.

Goss cites *United States v. Garcia-Orozco*[7] for the proposition that the earlier conviction is not relevant to showing knowledge that the crack was in the Camry.  However, the court in *Garcia-Orozco* acknowledged that in other cases such evidence had been properly admitted.[8]  The appellate court distinguished defendant Garcia-Orozco's situation because he had not been convicted of a drug offense, only a misdemeanor charge of resisting arrest.  *Garcia-Orozco* is not apposite.

Having carefully evaluated the parties' arguments, the court holds that evidence of the prior drug conviction is admissible under Rule 404(b) to show knowledge.[9]  When that evidence is offered, the court will give an appropriate limiting instruction.  Counsel for defendant is tasked with reminding the court to do so.

The prior drug conviction is not admissible to prove intent to distribute the crack found in the Camry.  On that issue, the differences in circumstances pointed out by defendant are too significant.  The earlier conviction involved a car used to transport 12 wrapped packages of cocaine from one city to another.  This is behavior clearly consistent with an intent to distribute.  Here, so far as there is any evidence, the crack was being carried around within Fairbanks–there is no evidence to show the crack was in the car when its driver received the traffic ticket somewhere on the Parks Highway the day before.  The transportation in May 2004 was accomplished in a vehicle in which there were firearms, and drug dealers have an incentive greater than mere drug users

---

[6]*Id* at 628.

[7]997 F.3d 1302 (9th Cir. 1993).

[8]*Id.* at p. 1304 citing *United States v. Bibo-Rodriquez*, 992 F.2d 1398, 1401-2 (9th Cir. 1991).

[9]*Id.*

to arm themselves. Were the prior conviction admitted to prove intent, Goss would be faced with the unsavory choice of bringing out the presence of the firearms to distinguish the situations or run the risk that the jury would use the earlier conviction to find intent to distribute without having this distinction pointed out.[10] The presence of others, one of whom had the drugs in his duffle bag, is also significant with respect to proof of intent, because the prior conviction has the trappings of a coordinated act involving several people. These are facts much easier to associate with an intent to distribute than being the sole occupant of a vehicle in which drugs were found. While the quantity of crack found here certainly supports an inference that Goss intended to distribute the drug, that is a separate approach to proving his intent. In sum, for the purpose of showing intent, the evidence is inadmissible under Rule 404(b), because the prior crime is not sufficiently similar to the current charge.

The court finds it unnecessary to separately consider a *modus operandi* basis for introduction of the prior drug conviction. Plaintiff can make fair and full use of the prior conviction to show knowledge, and that is the relevant issue. This does not foreclose comments by either side in argument attempting to show similarity or dissimilarity between the prior conviction and the present charge. The court, however, declines to make the finding inherent in a ruling on *modus operandi* as to how similar or dissimilar are the incidents. In the circumstances of this case, that is a matter for the jury to ponder.

The court must next consider whether admission of the prior conviction to show knowledge should be excluded under Rule 403. Defendant's Rule 403 argument is that there is too great a danger of prejudice to allow introduction of the prior conviction. The probative value of the conviction for possession of cocaine on the earlier occasion is fairly high with respect to knowledge in this case. However, the prior conviction also involved a firearms charge, violation of AS 11.61.195(a)(1). In the case at bar, the possession of the drugs did not involve the possession of a firearm. The probative value of the prior firearms conviction is minimal with respect to Goss' knowledge that

---

[10] As discussed below, the court will not admit evidence of the prior firearm conviction.

the crack was in the Camry. While there is some potential for prejudice in admitting evidence of the prior drug conviction, the danger of prejudice inherent in admitting evidence of the prior drug conviction does not substantially outweigh its probative value. An appropriate limiting instruction will cure any concern. The same cannot be said of the prior firearms conviction. There can be no doubt that most jurors would view the intersection of guns and drugs as an especially dangerous combination, something which could easily spill over into their assessment of Goss' guilt. The danger of prejudice arising from the prior firearms conviction does substantially outweigh its probative value, vis-a-vis the drug crime charged in the case at bar. Testimony respecting the prior drug conviction must be elicited in such a manner that there is no mention made of any firearms or the firearms conviction. This will require the prosecutor to thoroughly "woodshed" his witness on the topic. Any documentary evidence of the prior drug conviction shall be redacted such that the jury in the case at bar is not presented with any evidence of the prior firearms conviction.

### 2. Comments Made to Officer Keeler

The United States asks the court to admit some of the comments Goss made to Officer Keeler which it says show that Goss was trying to hide his earlier drug conviction. This, says the government, is evidence of a consciousness of guilt with respect to the crack. Goss opposes this on the grounds that lying to the officer is a bad act, but "consciousness of guilt" is not one of the qualities for which Rule 404(b) provides an exception allowing admissibility. The court agrees that "consciousness of guilt" is not listed in Rule 404(b). However, Rule 404(b) is not actually directly relevant to the statements Goss made to Officer Keeler.[11]

What plaintiff's motion really highlights is that misleading the officer about a prior drug conviction is some evidence that Goss knew there were drugs in the Camry. The statements made during the course of the conversation that led up to Goss' arrest are not amendable to Rule 404(b) analysis. To begin with, the statements Goss made to

---

[11]The connection to Rule 404(b) is that the statements tend to bolster the conclusion also supported by the prior drug conviction.

-7-

officer Keeler do not constitute "propensity evidence." Rather, the statements are current behavior which takes on relevance in the context of the earlier conviction. It is the earlier conviction, not the contemporaneous statements, which could be described as propensity evidence. The court has already performed a Rule 404(b) and Rule 403 analysis of the prior conviction. The statements are simply behavior at the time of the crime which is relevant to an assessment of guilt.

The court notes that plaintiff has made certain concessions with respect to what it will seek to admit in the form of Goss' statements to officer Keeler. First, plaintiff "does not intend to refer to the notice provided to Officer Keeler during the initial traffic stop that the Defendant had a "3500" [drug crime] history."[12] Second, the United States "does not intend to introduce evidence that the Defendant refused to consent to the vehicle search, or that he subsequently asked for an attorney and decided to remain silent."[13] The court will rely upon and enforce these representations. With those limitations, the request to admit a portion of Goss' statements to the officer will be granted. The court notes that to accomplish these concessions, the portion of the Goss/Keeler conversation displayed at page 6 of the motion at docket 70 cannot be presented to the jury. Only the portion of the conversation which is displayed at pages 7 and 8 of the motion at docket 70 may be presented to the jury.

### 3. Invocation of Constitutional Rights

In the motion at docket 71, defendant asks the court to exclude evidence that he invoked his constitutional rights. The concessions noted in the preceding section and the court's enforcement of them renders moot this aspect of the motion at docket 71. The United States has agreed not to present any such evidence.

### 4. Opinion that Goss Appeared Deceptive

In the motion at docket 71, defendant asks the court to exclude any testimony to the effect that Goss appeared deceptive to Officer Keeler. Goss argues that the officer cannot offer an opinion as to the defendant's guilt. The court agrees. However, that is

---

[12] Doc. 78 at p. 2.

[13] *Id.*

-8-

not what the United States proposes to offer in evidence. Rather, it wishes to introduce lay opinion testimony that Goss' behavior appeared deceptive. Such testimony could qualify for admission under Rule 701 which permits a lay person to offer opinion testimony which is "rationally based on the perception of the witness" which would be helpful to the determination of a fact at issue and which is not based on scientific, technical or specialized training.[14] Testimony that behavior appeared deceptive could be rationally based on Officer Keeler's observations, it could be helpful to the trier of fact–deceptive behavior would tend to support an inference of guilty knowledge, and it won't be offered as expert opinion evidence. This aspect of the motion at docket 71 will be denied.

### 5. Rap Lyrics

The United States plans to use evidence that lyrics for rap music were found in the vehicle to tie the vehicle to Goss. At docket 71, Goss opposes the admission of the lyrics themselves on the grounds that such lyrics contain language and references that are offensive to some people. The United States has responded by indicating that it will not seek to introduce the lyrics themselves, simply evidence that unspecified rap lyrics that can be tied to Goss were found in the vehicle. The court will enforce plaintiff's representation which therefor moots the request to exclude the specific lyrics.

### 6. White Plastic Box

In the motion at docket 71, defendant asks the court to exclude evidence of a white plastic box containing marijuana residue. The United States has stated that it will not seek to introduce this evidence. The court's enforcement of this representation moots the request to exclude the evidence.

## B. Motion at Docket 72

At docket 72, Goss moves to exclude the admission of lay testimony as to the "age" of the crack based on its degree of wetness. The United States responds that it has no plan to introduce such testimony, but reserves the right to raise the matter later if evidence at trial provides a basis therefore. The issue is moot at the present time. If

---

[14]Rule 70, Federal Rules of Evidence.

potential testimony about the "age" of the crack gains traction as a result of unanticipated evidence at trial, the court will address the matter at that time.

### IV. CONCLUSION

For the reasons and subject to the limitations set out above:

A. The motion at docket 70 is **GRANTED** as to (1) the prior drug conviction and surrounding circumstances (excluding all references to firearms) for the purpose of showing knowledge, (2) Goss' statements to Officer Keeler, and (3) testimony that Goss appeared deceptive

B. The motion at docket 70 is **DENIED** as to (1) the prior drug conviction for the purpose of showing intent or *modus operandi,* and (2) the firearms conviction for any purpose.

C. The motion at docket 71 is **GRANTED** as to (1) the prior firearms conviction, and (2) the prior drug conviction for the purpose of showing intent or *modus operandi*.

D. The motion at docket 71 is **DENIED** on the merits as to (1) the prior drug conviction for the purpose of showing knowledge, and (2) the testimony that Goss appeared deceptive; and (3) otherwise **DENIED** as moot.

E. The motion at docket 72 is **DENIED** as moot.

F. Nothing in this order forecloses argument by either party that the circumstances of the earlier drug conviction are so similar or dissimilar to the circumstances of the present charge as to support a finding of guilt or innocence.

DATED at Anchorage, Alaska, this 10th day of October 2006.

/s/
JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE