M. J. Haden
Assistant Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
601 West Fifth Avenue, Suite 800
Anchorage, Alaska  99501
(907) 646-3400

Attorney for Defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>TEFFIN C. GOSS, II,<br><br>　　　　　　Defendant. | Case No. 4:06-cr-0024-JWS<br><br>**DEFENDANT'S SENTENCING MEMORANDUM** |

　　　　Defendant, Teffin C. Goss, II, by and through counsel M. J. Haden, Assistant Federal Defender, submits the following sentencing memorandum to aid the court at the imposition of sentence hearing scheduled for Friday, February 9, 2007, in Fairbanks, Alaska.

　　　　Mr. Goss was found guilty following a jury trial of Possession of Cocaine Base with the Intent to Distribute in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B).  A Presentence Report (PSR) has been prepared, indicating that Mr. Goss's advisory

guideline range is 92-115.[1] There are no outstanding objections to the PSR. Mr. Goss does not plan to call any witnesses at the hearing, unless necessitated by the government's presentation.

At sentencing, Mr. Goss will be asking the court to impose a sentence of 92 months, the low end of the advisory guideline range. Mr. Goss's position is that a sentence exceeding the low end is more than is necessary to achieve the sentencing goals established under 18 U.S.C. § 3553(a).

Mr. Goss is a young man who had a stressful and traumatic up bringing. His parents divorced when he was 10 years old. He was raised by his alcoholic mother, who subjected him to both physical and mental abuse. However, Mr. Goss is young enough to still turn his life around and live a drug free, law abiding life.

There was no violence involved in this case. There was no large amount of cash associated with Mr. Goss. There was no evidence that Mr. Goss was anything more that a mule, transporting drugs from Anchorage to Fairbanks for a larger distribution organization.

Given his young age, his potential for rehabilitation, and the nature of the offense, a sentence of 92 months is an adequate sentence under the factors taken into consideration pursuant to 18 U.S.C. § 3553(a), in that a sentence of not more than 92 months is sufficient, but not greater than necessary to protect the public, reaffirm social

---

[1] Had Mr. Goss not exercised his Constitutional rights by putting the government to its task of proving the allegations against him beyond a reasonable doubt, with three levels off for acceptance of responsibility under U.S.S.G. 3E1.1, Mr. Goss's advisory guideline range would have been 70-87 months.

norms, provide for deterrence to the defendant and others, and provide an opportunity for rehabilitation.

At the current time, Mr. Goss is in state custody serving a two-year sentence in Case No. 4FA-S04-1495. As a result of the federal detainer from this case, Mr. Goss is ineligible to participate in release plans, such as in-patient drug treatment placement, half-way house release, and home confinement, offered to similarly situated inmates. Thus, Mr. Goss will end up serving all of his state sentence in the custody of a state prison facility. As a result of this harsher punishment, Mr. Goss requests that this court run his federal sentence concurrent with his existing state sentence. This court has the authority to impose a concurrent sentence pursuant to 18 U.S.C. § 3584(a) and U.S.S.G. 5G1.3(c).

Finally, as it is evident from the PSR that Mr. Goss suffers from alcohol and substance abuse, Mr. Goss requests a judicial recommendation that he be allowed to participate in the Bureau of Prisons' 500 Hour Drug and Alcohol Program.

DATED this 2nd day of February, 2007.

Respectfully submitted,

FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA

/s/ M. J. Haden
Assistant Federal Defender
Alaska Bar No. 0607047
601 West Fifth Avenue, Suite 800
Anchorage, AK  99501
Ph:  (907) 646-3400
Fax:  (907) 646-3480
mj_haden@fd.org

Certification:

I certify that on February 2, 2007, a copy of the foregoing document, with attachments, was served electronically on:

Bryan Schroder, Esq.

/s/ M. J. Haden