FILED

NOV 26 2007

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

RECEIVED

DEC 26 2007

CLERK, U.S. DISTRICT COURT
ANCHORAGE, A.K.

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| UNITED STATES OF AMERICA, | No. 07-30086 |
|---|---|
| Plaintiff - Appellee, | D.C. No. CR-06-00024-JWS |
| v. | |
| TEFFIN C. GOSS, II, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Alaska
John W. Sedwick, District Judge, Presiding

Argued and Submitted November 8, 2007
Seattle, Washington

Before: CANBY, GRABER, and GOULD, Circuit Judges.

Teffin Goss appeals his jury conviction of possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841. Goss appeals the district court's denial of his motion to suppress evidence obtained following a traffic stop, as well as the district court's admission of evidence of Goss's prior state drug

---

\*   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

conviction. We have jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291, and we affirm.[1]

**Drug Evidence Obtained During Traffic Stop**

We review de novo whether a traffic stop exceeds its permissible scope. *United States v. Garcia-Rivera*, 353 F.3d 788, 791 (9th Cir. 2003). The district court did not err in denying Goss's motion to suppress the drug evidence obtained during Officer Keeler's traffic stop of Goss. No Fourth Amendment violation occurs when an officer stops a driver if the officer has probable cause to believe that a traffic violation has occurred. *Whren v. United States*, 517 U.S. 806, 810 (1996). Here, there is no debate that Officer Keeler had legitimately stopped Goss for running a red light, and thus the original detention was permissible. We focus on whether reasonable suspicion supported an extension of that stop's scope and duration, leading to discovery of the cocaine base in Goss's car.

The scope of an officer's stop must be tailored to the underlying justification for that stop, *United States v. Chavez-Valenzuela*, 268 F.3d 719, 724 (9th Cir. 2001), *amended by* 279 F.3d 1062 (9th Cir. 2002), here, running a red light. The stop must last no longer than necessary to effectuate the stop's purpose.

---

[1] Because the parties are familiar with the facts and procedural history, we do not restate them here except as necessary to explain our disposition.

*United States v. Mondello*, 927 F.2d 1463, 1471 (9th Cir. 1991). Questions prolonging the detention must be "reasonably related in scope to the justification of [the] initiation," unless additional suspicious factors supported by reasonable suspicion justify a broadening of that scope. *United States v. Mendez*, 476 F.3d 1077, 1080 (9th Cir.), *cert. denied*, 127 S. Ct. 2277 (2007). "Reasonable suspicion" requires a minimal level of objective justification, more than an inchoate or unparticularized suspicion or "hunch," but less than probable cause. *United States v. Sokolow*, 490 U.S. 1, 7 (1989). In assessing the existence of reasonable suspicion, we consider the totality of the circumstances. *United States v. Arvizu*, 534 U.S. 266, 273 (2002).

Goss argues that the initial stop for his traffic infraction ended when Officer Keeler approached his vehicle with an almost complete citation for Goss's signature or shortly thereafter and that any extension of that stop occurred without reasonable suspicion. We disagree and reject Goss's contention that Officer Keeler prolonged the initial, valid detention beyond its original scope without reasonable suspicion raised by particularized objective factors. *See Chavez-Valenzuela*, 268 F.3d at 724 (holding that officers may expand their initial inquiry if they notice particularized, objective factors arousing their suspicion).

When Officer Keeler returned to Goss's rental car with the nearly complete citation, he knew: that Goss was a local resident driving a rental car; that the car contained numerous, strangely placed air fresheners,[2] which might be used to mask the smell of narcotics; that the car contained a radar detector, which might be used to detect law enforcement presence; that the car was rented to a third party and Goss was not a listed driver;[3] that Officer Keeler encountered the car on a road that drivers take when entering Fairbanks from Anchorage, a common drug-trafficking route; and that Goss had a history of some involvement related to drugs.[4]

---

[2]Goss argues that because Officer Keeler did not detect any odor coming from the air fresheners, their presence should not help to give rise to reasonable suspicion. However, their abundance and location were sufficient to contribute to Officer Keeler's reasonable suspicion.

[3]Goss disputes the district court's finding that Officer Keeler knew that the rental car was rented to a third party. The district court's finding, which we review for clear error, *United States v. Colin*, 314 F.3d 439, 442 (9th Cir. 2002), is not clearly erroneous because the rental car agreement that Goss had already provided Officer Keeler on its face states that the car was rented to a person that is not Goss, and it did not list Goss as an additional driver. Officer Keeler testified that he reviewed the agreement while filling out the citation and noted that the car was not rented to Goss.

[4]Specifically, Officer Keeler had received an "affirmative" that Goss had previous case involvement or criminal history involving drugs, i.e., "3500" history, which could have indicated anything from interrogation in a previous criminal narcotics matter to a prior felony conviction.

Although each factor individually might be consistent with innocent travel, their collective presence gave rise to reasonable suspicion for Officer Keeler, particularly given his substantial law enforcement experience. *See Arvizu*, 534 U.S. at 274-75 (holding that *Terry* precludes a "divide-and-conquer analysis" and that, while each of a series of acts might be innocent in itself, taken together they warranted further investigation); *United States v. Crapser*, 472 F.3d 1141, 1147-48 (9th Cir. 2007) (holding that under the totality of the circumstances analysis, nervousness, possession of a pressure-cooker, staying in a motel room with a person using methamphetamine and taking several minutes to open the door created reasonable suspicion); *United States v. Rojas-Millan*, 234 F.3d 464, 470 (9th Cir. 2000) (holding that the unusually strong odor of perfume emanating from the defendant's car, which the officer suspected was intended to mask the smell of illegal drugs, contributed to the officer's reasonable suspicion).

Considering these factors in total, Officer Keeler already had reasonable suspicion to detain Goss briefly for additional questioning and to attempt to obtain consent to search the vehicle when Officer Keeler approached Goss with citation in hand. During that questioning, then, subsequent discoveries such as Goss's inability to recall his work phone number combined with his expensive-looking

watch, and Goss's reference to having previously been jailed,[5] only heightened Officer Keeler's suspicion, justifying his decision to extend the stop an additional eight minutes for a canine unit to arrive. Further, Officer Keeler diligently and quickly took measures to confirm or dispel his reasonable suspicions. *See United States v. Sharpe*, 470 U.S. 675, 685 (1985) (holding that common sense and ordinary human experience govern an evaluation of whether an officer exceeded the time reasonably needed to effectuate the purposes of the investigative stop).

Because reasonable suspicion supported the brief extension of the traffic stop first for additional questioning and then to wait for the canine unit, and because once the dog alerted to drugs there was probable cause to search the vehicle, the fruit of that vehicle search was admissible, and the district court correctly denied Goss's motion to suppress the evidence.

**Admission of Prior Criminal History**

---

[5]The district court found that at the time Officer Keeler decided to hold Goss for a drug sniff of the vehicle, Goss had reported having previously had police contact relating to a weapons offense. This finding is clearly erroneous; the transcript of the stop reflects that when Officer Keeler determined to detain Goss for the canine sniff, Goss had only referenced previous jail time generally; only *after* Officer Keeler ordered the canine unit did Goss clarify, at Officer Keeler's prompting, that that incident had involved a firearm. However, the district court's error does not change our calculus that Officer Keeler had reasonable suspicion when he decided to prolong Goss's detention briefly for the canine unit.

We also reject Goss's argument that the district court abused its discretion by admitting evidence, during the trial, of Goss's prior drug conviction under Federal Rules of Evidence ("FRE") 403 and 404(b). We review for abuse of discretion the district court's decision to admit evidence of prior crimes or bad acts under FRE 404(b). *United States v. Plancarte-Alvarez*, 366 F.3d 1058, 1062 (9th Cir. 2004).

FRE 404(b) sets forth exceptions to the general inadmissibility of propensity evidence, one of which is to prove knowledge, for which the district court allowed the evidence here. For the district court to have properly admitted the evidence of Goss's prior drug conviction, the evidence must have met four criteria: 1) it tends to prove a material fact; 2) it is sufficient to support a finding that the defendant committed the extrinsic act; 3) it is not too remote in time from the charged crime; and 4) the extrinsic act is similar to the crime charged. *See United States v. Vizcarra-Martinez*, 66 F.3d 1006, 1013 (9th Cir. 1995).

First, the prior case is material to the current case because knowledge was an element of the crime that the government had to prove. *See United States v. Arambula-Ruiz*, 987 F.2d 599, 603 (9th Cir. 1993) (holding that the defendant's prior conviction for possession of illegal drugs with intent to distribute is relevant to demonstrate knowledge, which is a material element of the crime of drug

possession under 21 U.S.C. § 841). Further, the fact that the car was rented by a third party put knowledge at issue by allowing Goss to be able to claim more plausibly that he did not know there were drugs in the car.[6]

Second, Goss does not dispute that the evidence was sufficient to support a finding that he committed the extrinsic act. Third, as Goss concedes, his prior conviction was not too remote in time.

Fourth, to assess similarity, we determine whether "the prior act was one which would tend to make the existence of the defendant's knowledge more probable than it would be without the evidence." *Id.* (internal quotation marks omitted). The similarity between the current and the prior incidents satisfies this test: In both instances, Goss was found in a third-party rental car containing a radar detector and air fresheners, and Goss claimed no knowledge of the drugs found in the car. In the prior case, the jury disbelieved a claim of ignorance similar to that which Goss made in this case. Evidence of this prior incident

---

[6]We reject Goss's argument relying upon *United States v. Garcia-Orozco*, 997 F.2d 1302, 1304 (9th Cir. 1993). In *Garcia-Orozco*, the defendant had previously been convicted only of resisting arrest, not of importation or possession of drugs, which the court found significant in concluding that the evidence of the drugs in the previous car – to which, the court noted, the defendant had no demonstrated connection – did not tend to prove a material point. *Id.* By contrast here, in the previous incident there *was* such a demonstrated connection; Goss had been convicted of a drug offense in which the jury had found an adequate basis to conclude that Goss knew about the powder cocaine in the first car.

makes Goss's knowledge of the drugs in the second third-party rental car more probable than it would have been without that evidence.

Because each of the four criteria is met, we hold that the district court did not abuse its discretion in allowing evidence of Goss's prior drug conviction under FRE 404(b) for the limited purpose of proving that Goss had knowledge that the vehicle contained cocaine.

Finally, we reject Goss's argument that the evidence, even if admissible under FRE 404(b) to prove knowledge, should be excluded under FRE 403 because it is more prejudicial than probative, *see United States v. Lynch*, 367 F.3d 1148, 1160 (9th Cir. 2004) (per curiam), as should be concluded where the evidence creates a tendency to suggest a decision on an improper basis, *see United States v. Allen*, 341 F.3d 870, 886 (9th Cir. 2003). Here, any prejudice that the evidence may have created does not substantially outweigh the evidence's probative value as delineated above. Further, the district court gave the jury adequate limiting instructions about the prior drug conviction evidence.

**AFFIRMED.**

A TRUE COPY
CATHY A. CATTERSON
CLERK OF COURT
ATTEST

DEC 18 2007

by: _____
        Deputy Clerk